IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW KOCH, et al. & JOHN FOX | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FIRST NIAGARA RISK MANAGEMENT, | : | Nos. 04-4711 & 05-6696 |
| INC., et al. | : | |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER  September 27, 2006
United States Magistrate Judge

    Presently before the court is defendants' Motion to Bifurcate (Doc. # 22) the trial scheduled for October 13, 2006, to permit the issue of liability to be determined before evidence of plaintiffs' damages is introduced, and the plaintiffs' response opposing the motion. For the reasons that follow, the motion is GRANTED.

**I.  BACKGROUND**

    On September 29, 2002, eighteen former hockey players of the Millersville University Hockey Team and their coach were allegedly injured while playing a game at the Lehigh Valley Ice Rink, located in Whitehall, Pennsylvania (hereinafter referred to as the "Rink"). All of these nineteen individuals allegedly sustained pulmonary injuries from inhaling toxic levels of carbon monoxide and nitrogen dioxide discharged by the Rink's defective propane engine Zamboni machine which was used to resurface the ice.

    The eighteen hockey players, and their coach and his wife, brought a personal injury action against the Rink in the Court of Common Pleas for Philadelphia County. Unfortunately, the Rink was financially insolvent and had no insurance coverage for plaintiffs'

claims.  Therefore, the Rink consented to an entry of judgment against it in favor of the plaintiffs.  In addition, the Rink assigned to the plaintiffs its purported malpractice claim against its insurance brokers, the defendants herein, for failing to purchase insurance for the Rink to cover personal injuries resulting from the discharge of pollutants from the Zamboni machine.

The case before this court, therefore, is a brokerage malpractice case.  The parties advise that in the liability phase of the trial, the plaintiffs will present the owner of the Rink and an expert on an insurance broker's duty to his client.  In defense as to liability, the defendants will call the individual insurance broker who sold the policy to the Rink and an insurance expert.  In the damage phase of the case, each of the twenty plaintiffs will testify and describe their individual injuries and their respective medical treatment.  Eighteen plaintiffs also intend to call a medical expert, Ubaldo J. Martin, M.D.  Plaintiff, John Fox, will call as a witness his treating pulmonologist, Eugene Lugano, M.D.  In the damage phase, the defendants also plan to call a medical expert, Peter C. Serpico, D.O., who will testify as to all the plaintiffs' claims of pulmonary injuries.

## II.  DISCUSSION

Defendants request bifurcation of the general liability issue from the plaintiffs' individual damages issues pursuant to Fed. R. Civ. P. 42(b), which provides as follows:

> (b) Separate Trials.  The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

"The district court is given broad discretion in reaching its decision whether to separate the issues of liability and damages." Idzojtic v. Pennsylvania R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1972). When "the evidence pertinent to the two issues is ... wholly unrelated ... there is no efficiency in trying them together." 9 C. Wright and A. Miller, Federal Practice and Procedure: Civil 2d § 2390 at 502 (1995). However, bifurcation should be "denied when the evidence on the two subjects is overlapping or the liability and damages issues are so intertwined that efficiency will not be achieved or confusion may result from any attempt at separation." Id. at 505. When the court separates the two issues, it has the discretion to use the same jury for both liability and damages or may use different juries. Id. § 2391 at 512-14. See also In re Paoli R.R. Yard PCB Litig., 113 F.3d 444, 452 n.5 (3d Cir. 1997) (when a court bifurcates a case between two juries, it must divide the issues between separate trials in such a way that the same essential issues are not re-examined by different juries); Anastasio v. Schering Corp., 838 F.2d 701, 704 (3d Cir. 1988) (affirming verdicts by two separate juries, one hearing liability phase and the other damages).

In the instant case, the issue of the defendants' alleged negligence to the Rink when it purchased its general liability insurance is wholly distinct from the issue of the individual damages of the twenty plaintiffs resulting from exposure to toxic gases. Simply put, the liability and damages issues are not intertwined. It "will be conducive to expedition and economy," see Rule 42(b), to have the issues of liability and damages bifurcated. Should the jury find that plaintiffs have not proven the malpractice claim, the jury need not bear the lengthy direct and cross-examination testimony of each of the twenty plaintiffs as to their medical condition and history. Moreover, the parties will save the expense of having the three medical experts testify at

trial, should there be a defense verdict on liability.  See In re Paoli, 113 F.3d at 452 n.5 (approving bifurcation when resolution of initial phase issues obviated need for trial on remaining issues).

It will also serve the interests of all the parties to have separate juries hear the liability and damage phases.  The court reaches this conclusion for three reasons.  First, in trying the liability phase separately, the parties will not have to prepare the damage case or to have their witnesses immediately ready after the verdict on the liability phase.  The court will grant at least a two week delay between the liability and damage trials to allow the parties to prepare for the damage trial.  Second, the delay between the two separate trials will permit the parties to explore the possibility of settlement should there be a liability verdict against the defendants.  Last, the court believes that having a separate jury determine only the liability question will benefit the plaintiff because the jury will be informed that regardless of their verdict on the liability question, their service will be over.  This will eliminate any possible inclination for a juror to vote no on the liability question in order to shorten the juror's time of service.

For all of the above reasons, the court will order bifurcation of the liability and damages and have separate juries try the issues.  The liability phase will commence on October 13, 2006 as scheduled.  The damage phase will be set after the court consults with the parties.  The court will further order the parties to submit to the undersigned no later than October 6, 2006, a joint Stipulation to be read by the court to the jury explaining the facts of the case and the bifurcation procedure.[1]

---

[1]     In their response, plaintiffs appear to be pessimistic that counsel for both parties will be able to agree on the terms of a Stipulation to be read to the jury which explains the background of the case.  See Pl.'s Resp. at 2.  The court believes that counsel for both sides are

An appropriate order follows.

BY THE COURT:


\s\ Thomas J. Rueter
THOMAS J. RUETER
UNITED STATES MAGISTRATE JUDGE

---

very experienced and professional and will be able to reach an accord on a Stipulation to be read to the jury.